UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PHANTOM VENTURES LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-13865-IT |
| | * | |
| JOHN DEPRIEST, JANICE TATARKA, | * | |
| ARTHUR ARSENAULT, JOSEPH | * | |
| MAHONEY, MARILYN VEGA-TORRES, | * | |
| and THE CITY OF CHELSEA, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

March 27, 2017

TALWANI, D.J.

On March 7, 2017, the court granted in part and denied in part Plaintiff Phantom Ventures LLC's ("Phantom Ventures") Motion for Partial Summary Judgment [#22], granted in part and denied in part Defendants' Cross-Motion for Summary Judgment [#29], and remanded the matter to the City of Chelsea Zoning Board of Appeals ("Zoning Board") for further consideration of Plaintiff's permit application. Mem. & Order [#56]. On March 8, 2017, this court ordered Plaintiff's counsel to show cause why their Motion for Leave to Withdraw Its Appearance As Counsel For Plaintiff ("Mot. Leave Withdraw") [#51] should not be denied as moot. Order Show Cause [#59]. Plaintiff's counsel filed their Memorandum in Response to Order to Show Cause ("Mem. Response") [#60] on March 15, 2017.

**I.  Motion for Leave to Withdraw**

Massachusetts Rule of Professional Conduct 1.16(b)(7) and Local Rule 83.5.2(c)(2) permit withdrawal of an attorney's appearance upon a showing of "good cause." Plaintiff's counsel articulates several reasons for their request to withdraw their appearance. Phantom

Ventures, through its manager Konstantinos Georgopoulos, opposes the motion to withdraw only "on the grounds that it may prejudice, or negatively affect, our case" and because Phantom Ventures "is keen to see this case through to verdict." Opp'n Mot. Leave Withdraw [#53].

Plaintiff's counsel asserts that their withdrawal is allowed under Massachusetts Rules of Professional Conduct 1.16(b)(5) and (b)(6) because Phantom Ventures "has failed to fulfill its payment obligations," Plaintiff's counsel "warned Phantom [Ventures]'s managers of a motion to withdraw if they did not hire replacement counsel," and "will result in an unreasonable financial burden." Mot. Leave Withdraw 5-6. Counsel assert, without opposition, that they have been forced "to work without payment for eight months, without any commitment to pay bills that have been outstanding for even longer, and without any commitment to pay future legal bills." Id. at 6.

A client's failure to pay attorney's fees may support the withdrawal of counsel, although withdrawal "will not necessarily be appropriate in all . . . circumstances." Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 161 (D. Mass. 1992). A court may also consider "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." Id. Here, Plaintiff's counsel has worked without pay for eight months, prevailing in substantial part on Plaintiff's claim, and as of December 31, 2016, was owed over $46,000 in legal fees. See Aff. Thomas S. Fitzpatrick Supp. Mot. Leave Withdraw ("Fitzpatrick Aff.") ¶ 12 [#52]. Although Plaintiff may prefer retaining current counsel who are familiar with the case, the court finds neither a basis to impose a further obligation for counsel to represent Plaintiff without payment nor any prejudice in allowing the withdrawal at this time, where there are no pending motions, no dispute as to the terms of the engagement letter, and no disagreement that the bill remains unpaid.

Plaintiff's counsel also asserts that their withdrawal is allowed under Massachusetts Rule of Professional Conduct 1.16(b)(6) because representation "has been rendered unnecessarily difficult" by Phantom Ventures' conduct. Mot. Leave Withdraw 5 [#51]. Plaintiff's counsel states that Phantom Ventures "is extremely hostile to, and critical of" counsel's firm, causing "an irreversible rupture of the attorney-client relationship," a rupture which Phantom Ventures does not attempt to dispute. Id. at 4-5. Moreover, Plaintiff's counsel advised Phantom Ventures' managers that they would be forced to move to withdraw more than five months ago. Fitzpatrick Aff. ¶ 7 [#52]. Under these circumstances as well, Plaintiff's counsel has demonstrated good cause for their withdrawal of their appearance.

Accordingly, the Motion for Leave to Withdraw Its Appearance As Counsel For Plaintiff [#51] is ALLOWED.

## II. Further Proceedings

Phantom Ventures cannot proceed in this court without counsel. See Local Rule 83.5.5(c). Plaintiff's counsel, in explaining why the Motion for Leave to Withdraw Its Appearance As Counsel For Plaintiff [#51] is not moot, stated various matters that may still need to be addressed. Mem. Response 3-5 [#60]. None of those matters is currently pending before the court, as the case has been remanded to the Zoning Board for further consideration of Phantom Ventures' permit application. Mem. & Order [#56]. Accordingly, the court will administratively close the case while the Zoning Board undertakes this further consideration and Phantom Ventures obtains new counsel. This case closing is without prejudice to either side moving to reopen the case for further proceedings through their or its counsel of record.

## III. Conclusion

For the foregoing reasons, Plaintiff's counsel's Motion for Leave to Withdraw Its

Appearance As Counsel For Plaintiff [#51] is ALLOWED. Plaintiff's counsel is directed to serve a copy of this Memorandum & Order on Phantom Ventures and to file a certificate of service with the court. Upon filing of the certificate of service, the clerk shall administratively close the case.

    IT IS SO ORDERED.

Date: March 27, 2017                                                                 /s/ Indira Talwani
                                                                                                            United States District Judge